Mr. Wilmer Freund, Chairman Board of Supervisors Sedgwick County Conservation District 9505 West Central Suite 103 Wichita, Kansas 67212
Dear Mr. Freund:
As chairman of the board of supervisors of the Sedgwick county conservation district you inquire about the law pertaining to the prevention of soil loss through wind erosion. You indicate that your questions are directed at determining what legislative changes will better effect the prevention of soil erosion by wind.
Your first question is inquiring about remedies available under current law. The prevention of soil erosion caused by wind is governed primarily by K.S.A. 2-2001 et seq. The remedies available under current law depend on the circumstances. The act places various duties on different entities and individuals. A landowner has a duty to prevent soil erosion by planting grasses, trees, shrubs and by cultivating the soil. K.S.A.2-2002. The department of agriculture is responsible for collecting information about soil erosion and disseminating the information regarding the practical methods of preventing or minimizing it in different parts of the state by planting or cultivating the soil. K.S.A.2-2003.
The board of county commissioners of each county is authorized to enforce, prevent and redress actions in regard to soil erosion. In short, the county has a remedy over the landowner whose action or failure to act results in the damage. The county commissioners are authorized and directed to inspect land upon being advised that the land is eroding and, if anything can be done, may order when and what work is to be done to prevent the erosion after conferring with the landowner. In this instance the board may order the land be "disced [sic], listed, chiseled, cultivated, chopped or worked" or may order some other remedy approved by the board. However before ordering the work to be done, the county commissioners must give the landowner the opportunity to do the work they have concluded is necessary. K.S.A. 2-2004. In the event it is impracticable to contact the owner, K.S.A. 2-2004 authorizes the county to issue county warrants to pay the actual costs from a "soil drifting fund" authorized to be established by K.S.A. 2-2007.
Another remedy available in terms of prevention involves the compilation of a survey of lands. The act requires the county commissioners in each county to make or cause to be made a survey which shows what lands were blowing, the climatic conditions, what was done to prevent the problem and what result was produced by the action taken. The survey must be filed with the county clerk and a copy sent to the department of agriculture who must compile and publish a summary of such reports by December 1, of each year and distribute the same to the county officials, members of the legislature, the governor, and upon request to the owners of the land reported to have been affected. K.S.A. 2-2005.
In the event that the report discloses certain land in the county to be a repeated problem, the board of county commissioners has the duty to conduct a hearing, after notice to the landowner, to determine a permanent treatment of the land to prevent its blowing. The commissioners may order the work to be done if the landowner has not complied with the orders resulting from the hearing. K.S.A. 2-2006. When the work on the land has been done by the county it may, by order, levy a special assessment against the land if after notice the landowner is unable to show why the land should not be assessed. The levy may not exceed $3 per acre for each acre on which work is done for any one year, unless the county commissioners determine that this amount is not adequate to cover the cost of the work. The amount of the assessment may be collected in installments not exceeding $3 or an amount fixed by the board. The county may, for good cause shown, share the costs with the landowner and credit the money collected to the soil drifting fund. The landowner, if aggrieved at the amount of the assessment, may bring an action in the district court of the county in which the land is located within 30 days after the assessment is made to either challenge the validity of the assessment or to enjoin its collection. K.S.A. 2-2008.
Your second question is which governmental entity is responsible for discovering and reporting wind erosion violations. Although the board of county commissioners in accordance with K.S.A. 2-2004 does not have the affirmative duty to discover wind erosion violators, they do have a duty to take action upon knowing or being advised that "dust, any plant or weed is blowing from any particular land." Additionally, as discussed earlier in reference to your first question, the county commissioners have a duty to report wind erosion as part of the survey required by K.S.A. 2-2005.
Your third question is which governmental entity is empowered to enforce compliance. The board of county commissioners is charged with enforcing compliance by any of the methods available pursuant to K.S.A. 2-2004, 2-2006, and 2-2008.
Your fourth question is whether we know of any specific instances of enforcement. The board of county commissioners for each county in the state has jurisdiction in the matter and may file a report with the county clerk reflecting lands which have been subject to soil erosion prevention and whether the action taken was effective. Additionally, hearings conducted pursuant to K.S.A. 2-2006 as well as district court proceedings under K.S.A. 2-2008 are a matter of public record.
There are other statutes which address soil erosion generally. See
K.S.A. 32-807, 32-827 (wildlife and parks); 76-425d (erosion on forest lands) and 82a-928 (the federal reserve program). More specific to the context of your questions is the conservation districts law found at K.S.A. 2-1901 et seq. addressing the prevention of soil erosion by wind as it affects the land use practices under the jurisdiction of conservation districts, K.S.A. 2-1902; 2-1908. Unlike the act discussed above, however, a conservation district may not take action to prevent soil erosion on an individual's land without the landowner's consent. Publicly owned land, such as county-owned land within a conservation district's boundaries, is subject to soil conservation practices within the jurisdiction of a conservation district. K.S.A. 2-1914, K.S.A. 1995 Supp. 2-1907.
I trust this explanation of the act concerned specifically with soil erosion caused by wind and how it differs from the authority provided to conservation districts is helpful in determining what legislative change needs to be addressed in order to more effectively prevent the erosion of a precious natural resource in the state.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm